UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> KENNETH M. ANDERSON, III and ) <br> LAURA ANN ANDERSON ) <br> ) <br> Defendants. ) | Case No. 1:11-cv-00030 <br><br> Chief Judge Curtis L. Collier |

# MEMORANDUM

Before the Court is Plaintiff Aetna Life Insurance Company's ("Plaintiff") motion for default judgment (Court File No. 14) and a letter filed by Defendant Laura Ann Anderson ("Defendant") (Court File No. 15), which has been construed by the Court as a motion to set aside the Clerk's entry of default and as a motion for an extension of time to respond to the complaint. After carefully considering the parties' respective filings, the Court concludes the case should proceed and will **GRANT** Defendant's motion (Court File No. 15). Plaintiff's motion will be **DENIED as MOOT** (Court File No. 14).

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This action arises out of a dispute over death benefits provided by Plaintiff as the Plan Administrator of the policy (Court File No. 1). On November 16, 1987, Kenneth M. Anderson ("Mr. Anderson") was insured by Plaintiff. On December 26, 1990, Mr. Anderson designated as his beneficiaries under the policy his son Kenneth M. Anderson, II and Defendant Laura Ann Anderson.

Kenneth M. Anderson, II died in 1992.

Subsequently, Kenneth M. Anderson, as the insured, filed another form to designate as sole beneficiary Defendant Kenneth M. Anderson, III on September 24, 2011. When Kenneth M. Anderson died in 2008, Defendant Kenneth M. Anderson, III filed a claim for the death benefit.

However, on February 10, 2009 and February 24, 2009, Defendant Laura Ann Anderson submitted a letter to Plaintiff contesting the insured's beneficiary designation, on the ground of lack of mental capacity. Because Plaintiff cannot "determine the validity of the challenge of Defendant Laura Ann Anderson to the designation of beneficiary," it brought this action in this Court on February 10, 2011. Specifically, Plaintiff seeks to avoid double liability and asks this Court to require Defendants to "settle between themselves."

In response to Plaintiff's complaint, Defendant Kenneth M. Anderson, III filed an answer and an amended answer on March 7, 2011 (Court File Nos. 7, 8). This Court issued a "Show Cause Order" as to Defendant Laura Ann Anderson on March 10, 2011, requiring her to file a response to the complaint or, in the alternative, requiring Plaintiff to file an application for default (Court File No. 10).

On March 16, 2011, Plaintiff filed an application for Clerk's default (Court File No. 11), and on March 28, 2011, the Clerk entered default against Defendant Laura Ann Anderson. Now pending before the Court is Plaintiff's motion for default judgment. In response, Defendant Laura Ann Anderson filed a letter, which the Court has construed as a motion to set aside the Clerk's default and a motion for an extension of time to respond to Plaintiff's complaint (Court File No. 15).

The Court must now determine whether it should set aside the Clerk's entry of default.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a defendant to serve an answer within twenty-one days of being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(I). If a party against whom judgment for relief is sought fails to respond or otherwise defend against such action, the clerk is authorized to enter a default. Fed. R. Civ. P. 55(a). The court may then enter a default judgment against such party. Fed. R. Civ. P. 55(b). A party against whom default judgment has been entered may petition the Court to set aside such judgment for good cause, and upon a showing of mistake, or any other just reason. *See* Fed. R. Civ. P. 55(c), 60(b); *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

Rule 55(c) empowers courts to grant relief from an entry of default "for good cause shown," which is to be determined by considering (1) whether the plaintiff would be prejudiced, (2) whether the defendant has a meritorious claim or defense, and (3) whether the defendant's culpable conduct led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982)). In cases where "the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir. 1986). Based on the status of the case at the time the motion was filed, the Court finds it is properly addressed as a motion for relief from entry of default.

## III. ANALYSIS

After reviewing the facts presented in this case, the Court, applying Rule 55(c) equitably and

liberally, finds good cause has been established to vacate the default. In balancing the *United Coin Meter* factors, the Court finds good cause to allow the case to proceed. Default is disfavored in the federal court system. *See United Coin Meter*, 705 F.2d at 845 ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases"). Federal courts favor trials on the merits, thus "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (internal quotations and citations omitted) (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)).

Although vacating default will delay the ultimate resolution of Plaintiff's claims, it will not prejudice Plaintiff. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter*, 705 F.2d at 845. Rather, Plaintiff must show "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Plaintiff did not respond to the instant motion and has not otherwise raised any suggestion of evidentiary loss, discovery problems or potential fraud. The instant motion was filed prior to final judgment or a damages hearing and the Court concludes allowing this case to proceed on the merits will ultimately not result in prejudice to Plaintiff.

## IV. CONCLUSION

The Court, having reviewed the parties' respective filings and considered the factors to support "good cause" outlined in *United Coin*, concludes the appropriate relief is to **VACATE** the Clerk's entry of default (Court File No. 13), **GRANT** Defendant Laura Ann Anderson's motion (Court File No. 15), and **DENY as MOOT** Plaintiff's motion (Court File No. 14). The Court seeks

4

to minimize any further delay in resolving Plaintiff's claims and will **ORDER** Defendant Laura Ann Anderson to file an answer to Plaintiff's complaint within **seven (7)** days of service of the Court's accompanying order.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**